No. 30

COWLEY v. STATE ex BEEBE

Ohio Appeals, 9th Dist., Lorain Co.

No. 366. Decided May 8, 1926

129. BASTARDY PROCEEDINGS — The bastardy act with various sections repealed and others amended, effective July 30, 1923; and as it now is, is for the sole benefit of the mother of the bastard child or her estate; and evidence admitted to show the cost of supporting such child, and the value of attorneys fees in the prosecution of the proceedings is incompetent.

WASHBURN, J.

Effie Beebe began proceedings in bastardy against Glenn Cowley under the statute in the Lorain Common Pleas. Cowley confessed the accusation brought against him, the case was tried and it was ordered that he pay to Beebe the sum of $1200.00.

Error was prosecuted, it being claimed that the court admitted evidence as to the cost of maintaining and supporting the child from the time of its birth, Oct. 2, 1924 to the trial of the case on Dec. 12, 1926; and the court admitted evidence as to the value of attorneys' fees, allowing compensation for attorneys' services rendered in the justice of the peace court and in the court of Common Pleas.

The Court of Appeals held:

1. Previous to the amendment of 1655 GC., and most of the sections of the bastardy act effective on July 30, 1923, the father of a bastard child could not be prosecuted for non-support under said section.

2. Sec. 1655 GC. was amended so as to provide that the father could be prosecuted for non-support, and at the same time 12123 GC. being a part of the bastardy act, was amended providing that proceedings under the act should not be a bar to the prosecution of the father for failure to support his bastard child.

3. The last named section as amended provides that the father shall be adjudged to pay to the complainant such sum as the court may find to be necessary for her support, maintenance and necessary expenses, caused by pregnancy and child birth, together with costs of the prosecution.

4. From a consideration of 12126 and 12127 GC. which were repealed and 12134 and 12114 GC. before they were and as they have been amended, the matter of the maintenance of an illegitimate child was eliminated entirely from the bastardy act, and a proceeding under the act as it now is, is for the sole benefit of the mother of the child or her estate, the purposes of the proceedings under the present bastardy act being to compensate the mother or her estate for her necessary support, maintenance and expenses during pregnancy and child birth.

5. The evidence as to the cost of the maintenance of the child was not competent nor was the evidence as to the value of attorneys' fees in the prosecution of the proceedings.

6. Although the instant case is not a chancery case the following rule as laid down in 99 OS. 289, applies:—"It is error for a court in the hearing of a chancery cause to admit incompetent evidence, especially where it bases its judgment in part upon such incompetent evidence."

Judgment therefore reversed and cause remanded.

(Pardee, PJ., & Funk, J., concur.)

Attorneys—Fauver & Cheney for Cowley; F. M. Stevens & D. P. Hyman for State ex; all of Elyria.